# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-00095-FDW-DCK

| | |
|---|---|
| JAMES FOSTER and STONE LOGISTICS, INC., on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )      **ORDER** |
| vs. | ) |
| CEVA FREIGHT, LLC, | ) |
| Defendant. | ) |

THIS MATTER is before the Court upon Plaintiffs' Motion for Class Certification (Doc. No. 33). Having considered Plaintiffs' Motion and Memorandum in Support, Defendant's Response in Opposition (Docs. Nos. 37, 38), Plaintiffs' Reply (Doc. No. 39), and having held a hearing on the Motion, the Court finds that Plaintiffs have satisfied the prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure. According, Plaintiffs' Motion for Class Certification is GRANTED.

## I. BACKGROUND

Plaintiffs James Foster and his business, Stone Logistics, Inc. ("Plaintiffs"), on behalf of themselves and all others similarly situated, filed an eleven-count Amended Complaint (Doc. No. 29) against CEVA Freight, LLC ("Defendant") seeking declaratory and injunctive relief and damages sustained as a result of alleged violations of the Truth-in-Leasing Act ("TILA"), 49 U.S.C. § 14102(a), and for breach of contract. TILA provides leasing requirements for motor carriers who lease trucking equipment from owner-operators. TILA requirements are specifically enforced through the Truth-in-Leasing regulations, 49 C.F.R. § 376 ("Leasing Regulations").

In 2006, Plaintiffs contracted with Eagle Global Logistics ("EGL") to provide trucking equipment and driving services. Thereafter, EGL was acquired by Defendant CEVA, and all operating agreements were assumed by Defendant. In the first ten Counts, Plaintiffs allege that "the written operating agreements, in which CEVA has leased trucking equipment from the drivers, do not meet the requirements" of TILA and the Leasing Regulations due to missing terms and contradictory provisions. (Doc. No. 29 at 2). Specifically, Plaintiffs allege in Count I "Unlawful Provision of Transportation Services by CEVA" under 49 C.F.R. § 376.12 and § 376.11(a). (Doc. No. 29 at 8). Counts II-X allege, respectively: "Failure to Disclose and Comply with Compensation Provisions in Violation of 49 C.F.R. §§ 376.12(d) and (g)"; "Failure to Disclose and Comply with Loading and Unloading Provision in Violation of 49 C.F.R. § 376.12(e)"; "Failure to Disclose and Comply with Purchase or Rent of Products, Equipment or Services Provision in Violation of 49 C.F.R. § 376.12(i)"; "Failure to Provide Insurance Policy in Violation of 49 C.F.R. § 376.12(j)(2)"; "Failure to Disclose and Comply with Itemization and Explanation of Set-Offs Charged for Damages in Violation of 49 C.F.R. § 376.12(j)(3); "Failure to Take Complete Responsibility of the Equipment in Violation of 49 C.F.R. § 376.12(c)(1)"; "Failure to Take Responsibility for Fines Not Caused by the Contractor in Violation of 49 C.F.R. § 376.12(e)"; "Wrongfully Withholding Payment in Violation of 49 C.F.R. § 376.12(f)"; "Undisclosed, Undocumented and Excessive Charge-Backs to Compensation in Violation of 49 C.F.R. § 376.12(h)." (Doc. No. 29). Count XI alleges CEVA breached the terms of its operating agreement with Plaintiffs. (Doc. No. 29 at 15). Plaintiffs now seek class certification for other similarly-situated owner-operators throughout the country, who entered into allegedly deficient operating agreements with Defendant.

## II. DISCUSSION

Federal Rule of Civil Procedure 23 sets forth the requirements for certification of a class.

Plaintiffs who propose to represent the class bear the burden of establishing that Rule 23 requirements are met. See General Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 161 (1982). As a threshold matter under Rule 23(a), Plaintiffs seeking to certify a class must demonstrate: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 423 (4th Cir. 2003).

    A. Rule 23(a) Requirements

        i. *Numerosity*

With respect to Rule 23(a), the Court finds that Plaintiffs have demonstrated, and Defendant does not contest, that the proposed class is so numerous that joinder of all members is impracticable. Specifically, Plaintiffs seek to represent a class described as:

> All CEVA "P&D" drivers in the United States operating under the form operating agreement that originated with EGL Eagle Global Logistics, LP at any time between March 4, 2006, through the pendency of this action.

Plaintiffs submitted evidence that there are at least 1,000 owner-operators who fall within this class definition. This showing is sufficient to satisfy Rule 23(a)(1)'s numerosity requirement. See Gunnells, 348 F.3d at 425.

        ii. *Commonality and Typicality*

With regard to the commonality and typicality requirements, the Fourth Circuit has recognized that "'only those plaintiffs or defendants who can advance the same factual and legal arguments may be grouped together as a class.'" Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 340 (4th Cir. 1998) (citing Mace v. Van Ru Credit Corp., 109 F.3d 338, 341 (7th

Cir. 1997)). While the commonality and typicality requirements of Rule 23(a) do not mandate that members of the class have identical factual and legal claims in all respects, the class claims should be fairly encompassed by the named plaintiffs' claims. Broussard, 155 F.3d at 344 (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019-20 (9th Cir. 1998); Sprague v. Gen. Motors Corp., 133 F.3d 388, 399 (6th Cir. 1998)).

The claims Plaintiffs seek to advance on behalf of the class all arise under the same statute, 49 U.S.C. § 14704(a)(1) (injunctive relief) and § 14704(a)(2) (damages), and the same regulatory scheme involving uniform provisions contained within their respective operating agreements. More specifically, the named Plaintiffs' claims arise from the same course of conduct (CEVA's alleged inclusion of conflicting provisions and failure to include other provisions in its standard operating agreement), and are based on the same legal theory (that through this conduct, CEVA failed to comply with TILA and the Leasing Regulations, and is therefore liable). As a result, the questions of law and fact stemming from these claims appear to be common to the class.

Similarly, the breach of contract claim involves a standard operating agreement that CEVA entered into with potential class members. The named Plaintiffs advance the legal theory that if CEVA has breached provisions of the operating agreement by failing to comply with the federal regulations, it has breached those provisions in an identical manner for all class members. The parties further agree that the breach of contract claim should be governed by Texas law pursuant to the choice-of-law provision in all of the operating agreements that Plaintiffs and the potential class members signed. This existence of a common operating agreement signed by all members of the class, and of a common set of laws under which the claims of the class will be decided, is sufficient to satisfy Rule 23(a)(2)'s commonality requirement.

As to the typicality requirement, Defendant argues that, as to some Counts, the named Plaintiffs' claims are not typical because Plaintiffs will fail to prove injury. Defendant submits that, according to deposition testimony, Plaintiffs have no evidence of the suffered injury. Defendant's argument appears to be largely premised on the merits of this case. While the Fourth Circuit has recognized that a district court may look beyond the pleadings in deciding class certification, even after doing so, this Court cannot say with certainty that Defendant's assertion is correct at this early stage. See Gariety v. Grant Thornton, LLP, 368 F.3d 356, 365 (4th Cir. 2004).

Moreover, it appears the named Plaintiffs and the potential class members share: 1) the same factual allegations as to CEVA's alleged unlawful conduct; 2) the same legal claims that CEVA's conduct violates applicable federal regulations and contract law; and 3) the same interest in proving CEVA's liability. Thus, Plaintiffs have established that their claims are typical of the class because their interests are aligned with those of the potential class, and in pursuing their own claims, Plaintiffs will advance the interests of the class members. See Pender v. Bank of America, 269 F.R.D. 589, 597 (W.D.N.C. 2010). While this Court makes no determinations on the merits of those claims, the Court finds, based on Plaintiffs having signed substantially the same operating agreement as all other CEVA contractors during the class period, that Plaintiffs' allegations of Leasing Regulations violations and breach of contract in the Amended Complaint are typical of those of other potential class members.

Defendant further urges that there will be a need for individual damages determinations with regard to Counts I, II, X, and XI, and therefore, Plaintiffs fail to satisfy Rule 23(a). The Court has carefully considered this argument, but in factually similar cases, several courts have found the typicality and commonality requirements are satisfied despite the need to calculate

individualized damages.  Owner-Operator Indep. Drivers Assoc., Inc., v. Allied Van Lines, Inc., 231 F.R.D. 280, 284-285 (N.D. Ill. 2005) (citing Owner-Operator Indep. Drivers Assoc., Inc. v. Mayflower Transit, Inc., 204 F.R.D. 138 (S.D. Ind. 2001)); Sheinhartz v. Saturn Transp. Sys., No. CIV. 00-2489PAM/JGL, 2002 WL 575636, at *6 (D. Minn. March 26, 2002); see also Gunnells, 348 F.3d at 427-28 ("Rule 23 contains no suggestion that the necessity for individual damage determinations destroys commonality, typicality, or predominance, or otherwise forecloses class certification").  Accordingly, the Court finds that Plaintiffs have satisfied his typicality and commonality burden under Rule 23(a).

      iii. *Adequacy*

The final requirement of Rule 23(a)(4) considers the adequacy of representation, and Plaintiffs have satisfied their burden.  Specifically, the Court finds no evidence of a direct conflict of interest between the named Plaintiffs and the class they seek to represent.  Plaintiffs have demonstrated a willingness to prosecute the claims through participation in the discovery process.  Plaintiffs' counsel has also satisfied his obligation under Rule 23(a)(4) and (g) to demonstrate his qualification to serve as class counsel based on his familiarity with class action practice and his prior appointment as class counsel.

  B. Rule 23(b) Requirements

Once Plaintiffs meet the requirements under Rule 23(a), Plaintiffs must then demonstrate that the proposed class falls within one of three categories enumerated in Rule 23(b).  Gunnells, 348 F.3d at 423.  Here, Plaintiffs seek class certification under either Rule 23(b)(2) or Rule 23(b)(3). Rule 23(b)(2) provides that a class action is appropriate where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final

injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Plaintiffs argue that class certification is warranted under 23(b)(2) for Counts III, IV, V, VI, VII, VIII, and IX. For those Counts, Plaintiffs point out that they are seeking only class-wide declaratory relief as to CEVA's alleged conduct involving failure to comply in its operating agreements with TILA and the Leasing Regulations and injunctive relief to require those leases to be brought into compliance.

Plaintiffs further argue that 23(b)(3) certification is warranted for all Counts, and, at a minimum, for Counts seeking damages. Plaintiffs assert that common questions of law and fact predominate regarding CEVA's allegedly unlawful conduct concerning its operating agreements and its uniform administration of these agreements, and that a class action is superior to adjudicate such claims.

Defendant argues that Plaintiffs cannot justify certification under Rule 23(b)(2) on the basis of injunctive relief because it is unnecessary for Plaintiff to obtain certification in order to gain such relief. Defendant further contends that certification is inappropriate under Rule 23(b)(3) because a calculation of individual monetary damages indicates common questions of law or fact do not predominate. In support of this position, Defendant cites Owner-Operators Indep. Drivers Assoc. v. New Prime, 339 F.3d 1001 (8th Cir. 2003), where the Eighth Circuit affirmed the district court's decision denying class certification both under Rule 23(b)(2) and Rule 23(b)(3). This approach was also followed in Owner-Operator Independent Drivers Association, Inc. v. FFE Transportation Services, Inc., 245 F.R.D. 253 (N.D. Tex. 2007) and Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co., Inc., No. CV-02-1059-PHX-PGR, 2006 WL 2521183 (D. Ariz. March 30, 2006).

However, as Plaintiffs point out, and a review of the case law confirms, several other district courts have granted class certification where there were similar claims alleging violations under TILA and the Leasing Regulations. See e.g. Mayflower Transit, 204 F.R.D. at 141, 148 (S.D. Ind. 2001) (certifying class under 23(b)(2) and 23(b)(3)); Allied Van Lines, 231 F.R.D. at 283-285 (certifying class under 23(b)(2) for claims arising under injunctive and declaratory relief and under 23(b)(3) for the remaining claims); Owner-Operator Indep. Drivers Assoc., Inc v. C.R. England, Inc., No. 2:02 CV 950 TS, 2005 WL 2098919, at *6 (D. Utah Aug. 29, 2005) (granting class certification under 23(b)(3)); Sheinhartz, 2002 WL 575636, at *7-8 (granting class certification under 23(b)(3)).

Though all of these cases provide guidance to the Court, the question of whether class certification is warranted in a factually similar case dealing with TILA and the Leasing Regulations has not been directly addressed in this Circuit. Despite this, the Fourth Circuit has provided much guidance on the Rule 23(b) requirements, and has specifically weighed in where individualized damage calculations may be necessary. See e.g. Stillmock v. Weis Mkts., Inc., 385 Fed. App'x 267, 273 (4th Cir. 2010) (vacating and remanding decision where the district court denied class certification and finding that "the district court erred in concluding that individual issues of damages would predominate over issues common to the class"); Ward v. Dixie Nat. Life Ins. Co., 595 F.3d 164, 180 (4th Cir. 2010); Broussard, 155 F.3d at 342-43; see also discussion supra, at 5-6.

The Court is reminded that a "trial court has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23." Broussard, 155

F.3d at 344. With these guideposts and binding Fourth Circuit precedent in mind, the Court finds class certification is warranted under Rule 23(b)(3) for the reasons set forth.[1]

Rule 23(b)(3) requires that "common issues predominate over individual ones and that a class action be superior to other available methods of adjudication." Gunnells, 348 F.3d at 423; see also Stillmock, 385 Fed. App'x at 273 (citing Klay v. Humana, Inc., 382 F.3d 1241, 1255 (11th 2004) ("Common issues of facts and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief")).

As to the predominance requirement, Plaintiffs have demonstrated that every member of the class signed substantially the same CEVA operating agreement. As a result, common issues predominate as to whether certain provisions of CEVA's operating agreement, as set forth in each of the named Plaintiffs' Amended Complaint, violate the TILA and Leasing Regulations. The resolution of these issues common to the class will resolve the question of whether injunctive and declaratory relief is warranted and whether any recovery is available to the class members. The same is true for the breach of contract action, discussed supra at 4, as Plaintiffs maintain that if CEVA has breached certain provisions of the operating agreement by failing to comply with the federal regulations, it has breached those provisions in an identical manner for all class members.

---

[1] A majority of claims sought by Plaintiffs involve only declaratory and injunctive relief, but some claims, namely Counts I, II, X, and XI, seek damages. While some courts have certified similar classes under both 23(b)(2) and 23(b)(3), separating those claims that seek injunctive relief from those claims that seek damages, Rule 23(b)(3) permits certification where class suit "may nevertheless be convenient and desirable." Amchem Prods.,Inc. v. Windsor, 521 U.S. 591, 615-616 (1997) (citations omitted). Because the Court finds that the predominance and superiority requirements are satisfied for all claims, the Court certifies the class here under Rule 23(b)(3).

Defendant challenges predominance on two bases. First, Defendant argues the need to determine individual damages defeats predominance. As previously discussed, the need for such determination, especially in a case of this nature, is not fatal to class certification. Here, damages are still predicated on the common factual issues as to class, and Plaintiffs submit that if such damages are awarded, that individualized calculations should not be overly complex. Second, Defendant argues that Plaintiffs must prove detrimental reliance to recover under these statues, and that the class cannot be certified because Plaintiffs will fail to show class-wide reliance. As an initial matter, this argument may be premature, but also, the damages Plaintiffs are seeking as to Counts I, II, and X are a remedy under the statute, and not an element of liability. See 49 U.S.C. § 14704(a)(2); see also Allied Van Lines, 231 F.R.D. at 284, n. 10, 286 (recognizing detrimental reliance is a merit-related issue unnecessary to resolve for the purposes of determining class certification).

Since Plaintiffs have satisfied the predominance requirement, the Court now turns to the superiority requirement. Here, the potential recovery is not enough to distinguish the interests of any single class member. Plaintiffs further submit that separate actions are highly unlikely, and CEVA has not disclosed any litigation in any court concerning the exact controversy at issue here. It further appears that the class action method is ideally suited to concentrate the litigation of the class members' claims efficiently in one forum based on the numerous potential class members, who have substantially the same operating agreement with CEVA. Considering this, the Court finds that both the predominance and superiority requirements have been satisfied by Plaintiffs, and it is in the interests of judicial economy to grant class certification under Rule 23(b)(3).

## III. CONCLUSION

In sum, Plaintiffs' Motion for Class Certification (Doc. No. 33) is GRANTED based on the satisfaction of Rule 23. The parties should draft a joint notice in accordance with this Order and submit the proposed notice to the Court for review no later than February 11, 2011.[2]

IT IS SO ORDERED.

Signed: January 29, 2011

Frank D. Whitney
United States District Judge

---

[2] Each party previously submitted a proposed notice to the Court, but these notices vary substantially from one another and include differences that are not easily reconcilable. Accordingly, the Court instructs the parties to draft a joint notice to which both can largely agree before the Court conducts a final review and approval of the notice.