UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-CV-00095-FDW

| | |
|---|---|
| JAMES FOSTER and STONE LOGISTICS, INC., on behalf of themselves and all others similarly stated, <br><br> Plaintiff, <br><br> vs. <br><br> CEVA FREIGHT, LLC, <br><br> Defendant. | ORDER |

THIS MATTER is before the Court upon Defendant's Motion for Decertification (Doc. No. 107). Having considered Defendant's Motion and Memorandum in Support (Docs. Nos. 107, 108), Plaintiffs' Response in Opposition (Docs. Nos. 110), Defendant's Reply (Doc. No. 114), and Plaintiff's Surreply (Doc. No. 116-1), the Court finds that Plaintiffs continue to satisfy the prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure regarding Counts I-X ("TILA claims"). However, Plaintiffs fail to satisfy the Rule 23 requirements under Count XI ("breach of contract claim"). Accordingly, Defendant's Motion for Decertification is DENIED in part and GRANTED in part.

**I. BACKGROUND**

Plaintiffs James Foster and his business, Stone Logistics, Inc. ("Plaintiffs"), on behalf of themselves and all others similarly situated, filed an eleven-count Amended Complaint (Doc. No. 29) against CEVA Freight, LLC ("Defendant") seeking declaratory and injunctive relief and damages sustained as a result of alleged violations of the Truth-in-Leasing Act ("TILA"), 49 U.S.C.

1

§ 14102(a), and for breach of contract. TILA provides leasing requirements for motor carriers who lease trucking equipment from owner-operators. TILA requirements are specifically enforced through the Truth-in-Leasing regulations, 49 C.F.R. § 376 ("Leasing Regulations").

In 2006, Plaintiffs contracted with Eagle Global Logistics ("EGL") to provide trucking equipment and driving services. Thereafter, EGL was acquired by Defendant CEVA, and all operating agreements were assumed by Defendant. In the first ten Counts, Plaintiffs allege that "the written operating agreements, in which Defendant has leased trucking equipment from the drivers, do not meet the requirements" of TILA and the Leasing Regulations due to missing terms and contradictory provisions. (Doc. No. 29 at 2).

Specifically, Plaintiffs allege in Count I "Unlawful Provision of Transportation Services of CEVA" under 49 C.F.R. § 376.12 and § 376.11(a). (Doc. No. 29 at 8). Counts II-X allege, respectively: "Failure to Disclose and Comply with Compensation Provisions in Violation of 49 C.F.R. §§ 376.12(d) and (g);" "Failure to Disclose and Comply with Loading and Unloading Provision in Violation of 49 C.F.R. § 376.12(e);" "Failure to Disclose and Comply with Purchase or Rent of Products, Equipment or Services Provisions in Violation of 49 C.F.R. § 376 .12(i);" "Failure to Provide Insurance Policy in Violation of 49 C.F.R. § 376.12(j)(2);" "Failure to Disclose and Comply with Itemization and Explanation of Set-Offs Charged for Damages in Violation of 49 C.F.R. § 376.12(j)(3);" "Failure to Take Complete Responsibility of the Equipment in Violation of 49 C.F.R. § 376.12(c)(1)"; "Failure to Take Responsiblity for Fines Not Caused by the Contractor in Violation of 49 C.F.R. § 376.12(e);" "Wrongfully Withholding Payment in Violation of 49 C.F.R. § 376.12(f);" " Undisclosed, Undocumented and Excessive Charge-Backs to Compensation in Violation of 49 C.F.R. § 376.12(h)." (Doc. No. 29). Count XI alleges Defendant breached the terms of its operating agreement with Plaintiffs. (Doc. No. 29 at 15).

On October 1, 2010, Plaintiffs sought class certification for other similarly-situated owner-operators throughout the country who entered into allegedly deficient operating agreements with Defendant. (Doc. No. 33). The Court granted Plaintiffs request for class certification, stating "that if CEVA has breached provisions of the operating agreement by failing to comply with federal regulations, it has breached those provisions in an identical manner for all class members." (Doc. No. 47).

On March 29, 2011, Defendant filed a Motion to Decertify (Doc. No. 50) and a Motion for Summary Judgment on Counts I, II, X, and XI of Plaintiffs' Amended Complaint (Doc. No. 29). The Court denied in part Defendant's motion as to Count XI but granted in part as to monetary damages on Plaintiffs' other claims. (Transcript of Motions Hearing, 1/31/2012; Doc. No. 98 at 49). The Court denied Defendant's Motion to Decertify because Defendant failed to show sufficient reason under law or under the facts at the time. Id.

In March 2012, Plaintiffs served their full damages summary. (Doc. No. 108-2). Plaintiffs' Damages Summary revealed the 1.5 million, out of 12 million, Defendant freight movements they intended to challenge. Id. On June 16, 2012, Defendant filed this Motion to Decertify the class. (Doc. No. 107).

## II. STANDARD OF REVIEW

The standard used by the courts in reviewing a motion to decertify a class is the same as the standard used in evaluating a motion to certify. O'Connor v. Boeing North American, Inc., 197 F.R.D. 404 (2000). Federal Rule of Civil Procedure 23 sets forth the requirements for certification of a class. Fed. R. Civ. P. 23. Plaintiffs who propose to represent the class bear the burden of establishing that the Rule 23 requirements are met. General Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 161 (1982).

Although the Court previously determined that the class satisfies the prerequisites of Rule 23(a) and Rule 23(b)(2), the Court has a duty to continue to monitor its class decision "and, where certification proves improvident, to decertify, subclassify, alter, or otherwise amend its class certification." Chisolm v. TranSouth Fin. Corp., 184 F.R.D. 556, 567 (E.D.Va.1999). A district court's decision to decertify a class is committed to its sound discretion. Knight v. Kenai Peninsula Borough School Dist., 131 F.3d 807, 816 (9th Cir. 1997). Nevertheless, a district court "must conduct a 'rigorous analysis' into whether the prerequisites of Rule 23 are met." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227 (9th Cir. 1996). "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." Pitt v. City of Portsmouth, Va., 221 F.R.D. 438, 443 (2004) (quoting General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). Accordingly, the Court will reconsider whether the class continues to meet the requirements of Rule 23(a) and whether Plaintiffs claims may be maintained as a class action claim under Rule 23(b)(2) or Rule 23(b)(3).

Under Rule 23(a), Plaintiffs seeking to certify a class must demonstrate: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 423 (4th Cir. 2003).

In addition, Plaintiffs must demonstrate that the proposed class falls within one of three categories enumerated in Rule 23(b). Gunnells, 348 F.3d at 423. Here, Plaintiffs seek class certification under either Rule 23(b)(2) or Rule 23(b)(3). Rule 23(b) provides that a class action is appropriate where "the party opposing the class has acted or refused to act on grounds that apply

4

generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(2)-(3).

## III. DISCUSSION

### A. TILA Claims

To litigate Plaintiffs' claims for the violations of TILA, the Court finds the class it previously certified to be appropriate. In fact, Defendant does not argue these claims be decertified but instead asserts Plaintiffs abandoned these claims. (Docs. Nos. 108, 110). Plaintiffs disagree and contend they are still relevant and active claims. (Doc. No. 110). Because the Court finds that nothing has changed since issuance of the order certifying the class, the Court re-certifies the following class:

> All CEVA "P&D" drivers in the United States operating under the form operating agreement that originated with EGL Eagle Global Logistics, LP at any time between March 4, 2006, through the pendency of this action.

This class satisfies all of the necessary requirements of Rule 23.

### B. Breach of Contract Claim

Defendant argues that recent depositions of five class members and Plaintiffs' "data manager" conclusively show that Plaintiffs' breach of contract claim could not be more individualized. (Doc. No. 107). As a result, Defendant argues Plaintiffs no longer meet the commonality prong of Rule 23 and class decertification is proper. The Court agrees.

This is Defendant's second decertification motion filed with this Court, which means it is in fact a motion for reconsideration. As previously stated, "even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the

5

litigation." Pitt, at 443. Such modifications may be made until final judgment is entered. Rule 23(c)(1)(c).

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011) (citing Falcon, at 157, 102 S.Ct. 2364). Plaintiffs' breach of contract claim must depend upon a common contention. Wal-Mart, at 2551.

> That common contention, moreover, must be of such a nature that it is capable of classwide resolution–which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.

Wal-Mart, at 2551 (citing Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L.Rev. 97, 131-132 (2009)).

Through recent deposition testimony, it is now clear that Defendant negotiated individual payment arrangements with individual members of the class that departed from Defendant's standard tariffs. Rhonda Bateman, Defendant's Director of Independent Contractor Relations, testified that deliveries made outside the 100-mile radius "are sometimes individually negotiated with the independent contractor and/or it would go to the mileage rate." Bateman Dep. 98. (Doc. No. 108, Exhibit K). Likewise, Defendant's records manager Michael Kelley testified that stations "have the ability to manually rate a movement if it falls outside the settlement tariff radius or if it moves from city to city or if it is some other specialized movement that should not–that is not covered by the normal settlement tariff for that station." Kelley Dep. 77. (Doc. No. 108, Exhibit D). Further, Defendant's Executive Vice-President Sam Slater testified that stations could exercise

6

"local discretion" in negotiating with drivers to "effect . . . delivery" of Defendant's freight. Slater Dep. 30. (Doc. No. 108, Exhibit C).

Deposition testimony reveals that individually-negotiated contracts between station managers and drivers appear to be far more common especially among the specific 1.5 million transactions in question then under the 12 million total transactions originally at issue. Thus, Plaintiffs fail to meet the commonality prong of class certification under Rule 23(a). As a result, there is no longer proof of any "glue holding the alleged reasons for all [Defendant's 1.5 million payment] decisions together," much less a "common contention" "of such a nature that it is capable of classwide resolution." Wal-Mart, 131 S.Ct. at 2551.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Decertify (Doc. No. 107) for Plaintiffs failure to meet the prerequisites of Rule 23 is DENIED in part and GRANTED in part. Defendant's Motion for Surreply is DENIED as moot.

FURTHERMORE, because the Court and parties have been preparing for and are scheduled to begin trial on August 20, 2012, the Court concludes that preceding to trial as scheduled would be more efficient then staying this case pending interlocutory appeal. THEREFORE, the Court *sua sponte* denies a stay pending appeal.

IT IS FURTHER ORDERED, that Plaintiffs' Motion for Leave to Take *de bene esse* Depositions (Doc. No. 123) is DENIED. To the extent Plaintiffs need to authenticate documents, they need not obtain deposition testimony but can present to the Court authentication affidavits pursuant to Rule 902(11) and Rule 803(6)(A)-(C). Should Defendant be unwilling to cooperate with

Plaintiffs on this issue, the Court will revisit the issue of *de bene esse* depositions for these individuals only.

        IT IS SO ORDERED.

Signed: August 3, 2012

Frank D. Whitney
United States District Judge