IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:10-CV-00095-FDW-DCK

JAMES FOSTER AND STONE LOGISTICS,
INC. ON BEHALF OF THEMSELVES AND
ALL OTHER SIMILARLY SITUATED,

Plaintiffs,

v.

CEVA FREIGHT, LLC,

Defendant.

## FINAL APPROVAL ORDER

WHEREAS, proceedings regarding the proposed settlement of the above-referenced case (the "Action")[1] have been regularly conducted before this Court; and

WHEREAS, this Court has been advised that the Parties, through their counsel, have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle this action upon the terms and conditions set forth in the Class Action Settlement Agreement and Release ("Settlement Agreement"), entered into as of August 20, 2012 and which has been filed with the Court; and

WHEREAS, on August 20, 2012, there was a hearing before this Court, and following that hearing, this Court entered the Preliminary Approval Order, which, among other things, preliminarily approved the Settlement Agreement and the settlement contained therein and certified this case as a class action for settlement purposes only.

---

[1] All capitalized terms not defined shall have the same meaning set forth in the Settlement Agreement.

WHEREAS, on December 6, 2012, a Final Approval Hearing was held before this Court.

**IT IS HEREBY ORDERED THAT:**

1. This Action may be maintained as a class action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, for settlement purposes only, with the Settlement Class defined as:

> Any and all pickup and delivery drivers or entities who, at any time during the Class Period, entered into a written lease agreement with CEVA that involved the lease of trucks and/or other trucking equipment to CEVA and/or provision of driving services for the movement of freight under the operating authority of CEVA..

2. The mailing of the Settlement Notice as provided for in Paragraph 6 .2 of the Settlement Agreement is the only notice required, and that such notice is reasonable and satisfies the requirements of due process, applicable state law, and Rule 23 of the Federal Rules of Civil Procedure.

3. The settlement set forth in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class; and each ~~act~~ member of the Settlement Class shall be bound by the Settlement Agreement, including, but not limited to, the release and covenant not to sue set forth in Paragraph 8 of the Settlement Agreement. Therefore, this Court concludes that the Settlement Agreement and the settlement set forth therein should be and is approved.

4. The terms of the Settlement Agreement and this Order shall be forever binding on the Class Representatives and each and every other Settlement Class Member, who, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons,

2

to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed in the Released Claims set forth in the Settlement Agreement.

5.      Those Settlement Class Members who have not made their objections to the settlement in the manner provided in the Settlement Agreement and the Preliminary Approval Order are deemed to have waived any such objection to the settlement by appeal, collateral attack or otherwise.

6.      This Court hereby retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Order.

7.      This Order is not a finding of wrongdoing, liability or fault by CEVA, or a finding of the validity of any claims in this Action or any wrongdoing or violation of law by CEVA. No part of this Order may be offered as evidence or received in evidence in any pending or future civil, criminal or administrative action or proceeding, except in a proceeding before this Court to consummate or to enforce the Settlement Agreement or this Order or to defend against the assertion of Released Claims, as that term is defined by the Settlement Agreement, or as otherwise required by law.

8.      The sum of $5,000 shall be paid to Class Representatives James Foster and Stone Logistics, Inc., jointly and severally, as an incentive award for their serving as Class Representative and is hereby determined to be reasonable.

9.      The sum of $395,000 shall be paid to Settlement Class Counsel as the total amount due for attorneys' fees, costs, and expenses and is hereby determined to be

reasonable. No Plaintiffs' counsel shall make further or additional application for fees and expenses related to the Action.

10. All claims in this Action against CEVA are hereby dismissed on the merits, with prejudice. Further, each and every Settlement Class Member, and any other Releasor is permanently enjoined from bringing, joining or continuing to prosecute any Released Claim against CEVA and any other Releasee. Any party found to have violated this injunction shall pay the costs and attorneys' fees incurred by CEVA and/or any Releasee as a result of a violation of the Court's injunction. Final judgment is hereby entered in this matter.

Dated: _12/6/2012_

The Honorable Frank D. Whitney
United States District Judge
United States District Court for the
Western District of North Carolina,
Charlotte Division

4